1  DILLINGHAM & MURPHY, LLP
   CARLA J. HARTLEY (State Bar No. 117213)
2  HSIAO C. (MARK) MAO (State Bar No. 236165)
   225 Bush Street, Sixth Floor
3  San Francisco, California 94104-4207
   Telephone:    (415) 397-2700
4  Facsimile:    (415) 397-3300

5  Attorneys for Defendants
   ALLEN A. WAGGONER CONSTRUCTION, INC.,
6  And ALLEN A. WAGGONER

7

8                    UNITED STATES EASTERN DISTRICT COURT

9                               FRESNO DIVISION

10  THOMAS H. DENT,                          Case No. 1:07-CV-1832

11                        Plaintiff,
                                             **STIPULATION AND PROTECTIVE
12      vs.                                  ORDER FOR CONFIDENTIAL
                                             INFORMATION**
13

14  ALLEN A. WAGGONER CONSTRUCTION,
    INC. a California Corporation, ALLEN A.
15  WAGGONER, an individual; and DOES 1
    through 100, inclusive,
16
                          Defendants.
17

18

19        In order to protect the confidentiality of Confidential Information obtained by the parties in

20  connection with this case, *Dent v. Allen Waggoner Construction et al.*, Eastern District Court of

21  California, Fresno Division, Case No. 1:07-CV-1832 (the "Action"), the parties hereto, plaintiff

22  THOMAS DENT ("Plaintiff" or "Dent") and defendants ALLEN WAGGONER

23  CONSTRUCTION, INC. ("AWC") and ALLEN WAGGONER (together, the "Defendants"), by

24  and through their respective attorneys of record, hereby agree, and jointly submit this Stipulation

25  and (Proposed) Order (the "Order") for the Court to issue a protective order pursuant to Fed. Rules

26  of Civ. Proc. Rules 26(c) and 29 as follows:

27  ///

28  ///

I.       DESIGNATION OF DOCUMENTS AND TESTIMONY AS CONFIDENTIAL

A.       Any party may designate as "Confidential" or "Confidential For Attorneys' Eyes Only" any document, thing, response to discovery, or deposition testimony, or any portion thereof, which that party considers in good faith to contain Confidential Information subject to protection under California law.

B.       As used herein, the designation "Confidential" is to be used to identify any testimony, document, thing, or other response to discovery, or any portion thereof, that contains private or confidential personal information about any party to this litigation.

C.       As used herein, the designation "Confidential – For Attorneys' Eyes Only" is to be used to identify any testimony, document, thing, or other response to discovery, or any portion thereof, that contains information treated as trade secret, proprietary business, or proprietary financial information about any party to this litigation.

D.       A party may designate as "Confidential" or "Confidential – For Attorneys' Eyes Only" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials.

E.       Unless expressly indicated herein, this Order shall not in any way constitute a representation or admission for the purposes of this Action or any related legal proceeding.  By executing this Order, the parties understand that Defendants are not admitting that they are obligated to produce or provide any testimony, information, document, or other material subject to this Order to Plaintiff, or to any other party.

II.       IDENTIFICATION OF DOCUMENTS AND TESTIMONY DESIGNATED AS CONFIDENTIAL

A.       A party may designate a document produced in response to written discovery and/or a subpoena as "Confidential" or "Confidential – For Attorneys' Eyes Only" by stamping or otherwise marking the document as "Confidential" or "Confidential – For Attorneys' Eyes Only." If only a portion of the document is to be identified "Confidential" or "Confidential – For Attorneys' Eyes Only," the first page of the document shall be marked as "Subject to Protective

Order" and the party producing the document should stamp or otherwise mark the specific portion(s) of the document that are "Confidential" or "Confidential For Attorneys' Eyes Only."

B.      A party may designate a written response to discovery as "Confidential" or "Confidential – For Attorneys' Eyes Only" by stamping or otherwise marking the response as "Confidential" or "Confidential – For Attorneys' Eyes Only."

C.      A party may designate an audio and/or video recording, computer disk, or other electronic media as "Confidential" or "Confidential - For Attorneys' Eyes Only" by stamping or otherwise marking the audio and/or video tape, computer disk, or other electronic media as "Confidential" or "Confidential – For Attorneys' Eyes Only."  If only a portion of the audio and/or video tape, computer disk, or other electronic media is to be identified "Confidential" or "Confidential – For Attorneys' Eyes Only," the exterior of the audio and/or video tape, computer disk, or other electronic media shall be marked as "Subject to Protective Order" and the party producing the audio and/or video tape, computer disk, or other electronic media should identify or otherwise mark the specific portion(s) of the audio and/or video tape, computer disk, or other electronic media that are "Confidential" or "Confidential – For Attorneys' Eyes Only."

D.      A party may designate information disclosed during deposition as 'Confidential' or "Confidential – For Attorneys' Eyes Only" by so indicating on the record at the deposition and requesting the preparation of a separate transcript of such material. Alternatively, a party or non-party may designate in writing, within twenty (20) days after receipt of said deposition transcript or which the designation is proposed, that specific pages of the transcript be treated as "Confidential" or "Confidential – For Attorneys' Eyes Only."

E.      Material designated as "Confidential" or "Confidential – For Attorneys' Eyes Only" may be referred to herein as "Confidential Information."  Parties and non-parties entitled to receive information pursuant to this Order may be referred herein as "Authorized Persons."

F.      The parties acknowledge that information produced in discovery may contain proprietary, confidential, financial, and/or private information, regardless of the designation of said documents.  The parties and all third party signatories to the Confidentiality Agreement below agree to take all measures necessary to comply with any law regarding the dissemination

and protection of private financial information, any law regarding the dissemination and protection of proprietary information, and any other applicable laws governing the dissemination and protection of consumer information.

III.     OBJECTION TO DESIGNATION OF INFORMATION AS CONFIDENTIAL

A.     If a party contends that any material is not entitled to confidential treatment and/or a designation of "For Attorneys Eyes Only",such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material confidential and/or "For Attorneys Eyes Only" shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential.  The party or non-party seeking the order has the burden of establishing that the document is entitled to protection.

B.     Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(1)     the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(2)     the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(3)     the Court rules the material is not Confidential Information.

IV.     LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION

A.     All information produced or exchanged in the course of this litigation (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this litigation.

B.     Except with the prior written consent of the other parties, or upon prior order of the Court obtained upon notice to opposing counsel, information designated as "Confidential" shall not be disclosed to any person other than:

(1)    Counsel for the respective parties to this litigation and employees of such counsel.

(2)    A Party to this action.  For parties that are not individuals, "Party" is defined to include those employees, officers, partners, and/or directors of the Party who that Party's counsel deems necessary for the prosecution or defense of this litigation;

(3)    An insurer of a Party to this action, including the insurer's representatives;

(4)    Court reporters and videographers employed by counsel for the purpose of recording deposition testimony in this litigation;

(5)    Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and upon order of the Court) before being shown or given any Confidential Information;

(6)    Authors or recipients of the information designated as Confidential Information;

(7)    The Court, court personnel, and court reporters; and

(8)    Persons reasonably expected by counsel to testify as witnesses in the case, whether at deposition or trial, provided that each such person shall execute a copy of the Certification annexed to this Order (which shall be retained by counsel to the party so disclosing the Confidential information and made available for inspection by opposing counsel during the pendency or after the termination of the action).

C.    Except with the prior written consent of the other parties, or upon prior order of the court obtained upon notice to opposing counsel, information designated "Confidential – Attorneys' Eyes Only" shall only be disclosed to (1) above.

D.      Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except to Authorized Persons and as otherwise set forth herein.

E.      Inadvertent production by a party of Confidential Information without proper designation at the time of disclosure shall not be deemed a waiver of any claim of confidentiality as to such matter.  If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party or Authorized Person responsible for the disclosure shall, immediately upon learning of such disclosure, inform all other parties of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated information and to prevent the occurrence of any further disclosure unauthorized by this Order.  The party seeking protection of the confidential information shall properly designate or re-designate the material(s) by written notice within ten (10) days of being informed, or discovering, the error.

F.      Within sixty (60) days after the final determination, settlement or other disposition of the Action, including any appeals, counsel for the parties shall cause to be destroyed all documents and information they received pursuant to this Order, including those they provided to Authorized Persons.   All counsel to this Action shall certify that in writing that they have destroyed all documents and information in accordance with this paragraph.           .

V.      PROCEDURE FOR SUBMITTING CONFIDENTIAL INFORMATION TO COURT
        FOR FILING

A.      Nothing contained in this stipulation and Order shall prohibit a party from referring to the names or titles of documents designated "Confidential" or "Confidential – Attorneys' Eyes Only," in motion papers or other pleadings filed with the Court.

B.      A party who intends to file with the Court documents or information that another party has designated as Confidential Information shall provide the party designating the material as Confidential Information (the "Designating Party") at least five (5) court days' advance notice before filing the Confidential Information with the court.  The Designating Party may file a motion or application with the Court requesting that the Confidential Information be filed under seal.  The parties agree that U.S. District Court, Eastern District Court Local Rule 39-141 shall

1    govern the procedure for filing records under seal.  If the Court has not ruled on a motion or

2    application to file Confidential Information under seal by the date the Confidential Information is

3    to be filed with the Court, the party filing the Confidential Information will substitute the

4    Confidential Information with cover pages stating, "Conditionally Under Seal," and provide to the

5    Court a non-public paper copy of the Confidential Information, which shall be held by the clerk of

6    the Court for *in camera* consideration.  The party filing the Confidential Information shall file no

7    other copies of the Confidential Information, unless and until the Court has made a ruling on the

8    request for the Confidential Information be filed under seal.  The Designating Party shall bear the

9    burden of establishing that documents or information are entitled to be sealed pursuant to U.S.

10   District Court, Eastern District Court Local Rule 39-141(b).

11   VI.    <u>MISCELLANEOUS PROVISIONS</u>

12          A.      All provisions of this Order restricting the communication or use of Confidential

13   Information shall continue to be binding after the conclusion of this Action, unless otherwise

14   agreed or ordered.  Upon conclusion of the litigation, a party in the possession of Confidential

15   Information, other than that which is contained in motions, pleadings, correspondence, and

16   deposition transcripts, shall either;

17                  (1)     return such documents, including those provided to Authorized Persons, no

18                          later than thirty (30) days after conclusion of this action to counsel for the

19                          party or non-party who provided such information, or

20                  (2)     destroy such documents within the time period upon consent of the party

21                          who provided the information and certify in writing within thirty (30) days

22                          that the documents have been destroyed.

23          B.      The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use

24   of documents at mediation or trial.

25          C.      Nothing herein shall be deemed to waive any applicable privilege or work product

26   protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

27   protected by privilege or work product protection.

28

D.      Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

VII.    ENFORCEMENT OF STIPULATION AND ORDER

A.      The Parties agree and stipulate that this Order shall have the same effect whether this Action remains before this Court, or if this Action is remanded to a different jurisdiction such as a California Superior Court.  Wherever this Action may be remanded, if it is so, the Parties agree and stipulate that the adjudicating court presiding over this Action shall retain jurisdiction over all persons subject to this Order for the purposes of enforcing this Order.

B.      If the Court, on motion of any party, finds that a party or its, his, or her counsel are responsible for the unauthorized disclosure of information designated as Confidential Information as provided for in this Order, the party and/or its, his, or her counsel may be subject to sanctions, civil contempt, and/or such other relief as the Court, or any other adjudicating court presiding over this Action, deems appropriate.

C.      This stipulation for protective order is subject to modification on further written stipulation of the parties, executed by its, his, or her counsel, or on motion to the Court, provided that counsel for the moving party provides notice and serves a complete copy of the motion and supporting papers on all parties no less than 72 hours prior to the hearing of any ex parte motion.

D.      The Parties hereto are to cooperate in the drafting or execution of all documents necessary to properly submit this proposed Order to the Court.  Defendants will allow the Plaintiff to review Confidential information upon the execution of this Order by all the Parties.

E.      Should this Action be remanded to, or should the subject of this Action be re-filed in, a California Superior Court, such as the Superior Court of Stanislaus, the Parties agree to cooperate in good faith to draft, execute, and submit a similar proposed stipulation and protective order for the protection of Confidential Information as provided herein, within thirty (30) days of such remand.  The Parties agree that the terms of such a proposed stipulation and protective order will be as consistent with the terms herein as reasonably possible, and that the Parties agree to submit Confidential Information pursuant to California Rules of Court, Rule 2.551, instead of U.S.

District Court, Eastern District Court Local Rule 39-141(b), as referenced at Paragraph V(B) herein.  Pending the approval of the California Superior Court of such a proposed stipulation and protective order, the parties will continue to adhere to the terms of this Order.

## **ORDER**

IT IS SO ORDERED,

Dated: 7 March 2008                       /s/ *Dennis L. Beck*
                                          U.S. MAGISTRATE JUDGE

///

SUBMITTED,

Dated: February 12, 2008          DILLINGHAM & MURPHY, LLP
                                  CARLA J. HARTLEY
                                  HSIAO C. (MARK) MAO

                            By:   _____/s/_____
                                  Attorneys For Defendants ALLEN WAGGONER
                                  CONSTRUCTION, INC. and ALLEN A.
                                  WAGGONER

Dated: February 27, 2008          FORES MACKO, APC
                                  MICHAEL J. MACKO

                            By:   _____/s/_____
                                  Attorneys For Plaintiff THOMAS H. DENT

**ATTACHMENT A**

**CONFIDENTIALITY AGREEMENT**

1.    I, _____, have read and understand the Stipulation and Protective Order For Confidential Information dated _____, 2007 (the "Protective Order") in the matter of *Dent v. Allen Waggoner Construction et al.*, Eastern District Court of California, Fresno Division, Case No. 1:07-CV-1832.  I agree to be bound by its terms with respect to any documents, information or materials that are furnished to me as set forth in the Protective Order.

2.    I further agree not to disclose to anyone any such documents, information or materials, except as set forth in the Protective Order.

3.    I agree that any document, material or information furnished to me will be used by me only for the purposes of this litigation and not for other purposes, and will not be imparted by me to any other person. I will maintain all such documents, materials or information in a secure manner to prevent unauthorized access to it.

4.    No later than thirty (30) days after the conclusion of this action, I will return all documents, materials or information to the person who furnished it to me.

5.    I hereby consent to the jurisdiction of said Court, or the appropriate adjudicating court, as defined pursuant to Paragraph VII(D) of the Protective Order for purposes of enforcing this Order.

_____
Signature                                        Date

_____
Print Name                                      Date

_____
Company Name, if any